# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT YSARRARAS RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.  1:15-cv-01227-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE<br><br>(ECF No. 3)<br><br>TEN DAY DEADLINE |

**I.**

**BACKGROUND**

On August 10, 2015, Plaintiff Vincent Ysarraras Ramirez ("Plaintiff") proceeding pro se in this action, filed a complaint challenging the final decision of the Commissioner of Social Security denying him disability benefits.  (ECF No. 1.)  Plaintiff also filed a motion to proceed in forma pauperis in this action without prepayment of fees stating that he was indigent.  (ECF No. 2.)  On August 14, 2015, an order issued requiring Plaintiff to either file an application to proceed in forma pauperis or pay the filing fee within twenty days.

**II.**

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate,

1

including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff was ordered to Plaintiff to either file an application to proceed in forma pauperis or pay the filing fee within twenty days of the August 14, 2015 order.  In the order, Plaintiff was advised that failure to comply with the order would result in this action being dismissed.  (ECF No. 3.)  More than twenty days have passed and Plaintiff has not filed the application to proceed in forma pauperis, paid the filing fee in this action, or otherwise responded to the Court's order.  Plaintiff has failed to comply with the order requiring him to pay the filing fee or demonstrate that he is eligible to proceed without prepayment of the fee.  For this reason, the Court recommends that this action be dismissed.

### III.

### CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to pay the filing fee or submit an application to proceed in forma pauperis in compliance with the Court's order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within ten (10) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be

1  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district
2  judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §
3  636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may
4  result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)
5  (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 14, 2015**

UNITED STATES MAGISTRATE JUDGE